UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLANO-NAPA COUNTIES ELECTRICAL WORKERS HEALTH & WELFARE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRAMBILA & KELLEY INC.,<br><br>Defendant. | Case No. 24-cv-06403-AMO (AGT)<br><br>**REPORT AND RECOMMENDATION**<br>Re: Dkt. No. 16 |

The undersigned recommends that Judge Martinez-Olguin grant plaintiffs' motion for default judgment and enter judgment for plaintiffs and against Brambila & Kelley, Inc. ("B&K"), a California corporation, for $115,888.69.

\* \* \*

From June 1, 2020, through December 31, 2022, B&K underfunded trust funds that were used to pay its employees' fringe benefits. *See* Dkt. 1, Compl. ¶¶ 8–12; Dkt. 16-1, Fan Decl. ¶¶ 6–11.[1] By doing so, B&K breached the trust agreements and a related collective bargaining agreement and violated ERISA. *See* Compl. ¶¶ 11–16; 29 U.S.C. § 1145. An audit revealed that B&K owes the trust funds $115,888.69 for the period in question.

---

[1] On a motion for default judgment, the Court accepts the plaintiffs' factual allegations as true. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The above total is the sum of the following amounts:

>$74,320.21 in unpaid contributions;
>$7,432.07 in liquidated damages;
>$8,390.41 in interest;
>$15,441.00 in audit costs;
>$9,900.00 in attorney's fees;[2] and
>$405.00 in legal costs.

Fan Decl. ¶¶ 11, 14–15, 19–20; Dkt. 1-3 at 8 (audit report). *See generally* Fan Decl., Ex. B (collection procedures).

These amounts are recoverable under ERISA, 29 U.S.C. § 1132(g)(2). And as required, plaintiffs' attorney's fees are based on a reasonable hourly rate ($225 per hour for an associate with three years of experience) and a reasonable number of hours billed (44 hours). *See* Fan Decl. ¶¶ 14–15; *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007).

The equities favor entering judgment for the amount owed, $115,888.69, in plaintiffs' favor and against B&K. Plaintiffs served B&K with process. *See* Dkt. 8 (proof of substitute service on B&K at the home of B&K's president, Juan Manuel Brambila, by leaving a copy of the summons and complaint with a competent member of the household and mailing another copy to the same address); Dkt. 1-1, Letter of Assent (listing "John" Brambila's home address as an address for B&K);[3] *Operating Engineers' Health & Welfare Tr. Fund*

---

[2] In their motion, plaintiffs wrote that they were seeking to recover $11,655.00 in attorneys' fees. *See* Dkt. 16 at 10–11. That amount reflects a computational error. When counsel's hourly rate ($225 per hour) is multiplied by the hours billed (44 hours), the total is $9,900.00.

[3] Plaintiffs offer extensive evidence supporting that B&K's president, Juan Manuel Brambila, also goes by the name "John," his "preferred nickname." Dkt. 20-1, Fan Supp. Decl. ¶ 4; *see, e.g.*, *id.* ("John Brambila has consistently represented to me that he is an owner and the President of Defendant [B&K] and that his legal name is Juan Manuel Brambila. John Brambila has orally represented to me over the phone that John Brambila and Juan Manuel Brambila both refer to himself, and Juan was his legal name, on at least one occasion."); *id.* ¶ 12 ("I compared the signatures utilized by 'John' Brambila on the Letter of Assent along with the signatures used by Juan Manuel Brambila on other corporate records, including an Account Agreement. The signatures appear identical."); *id.* ¶¶ 5, 7, 13 (identifying records in which "John" and Juan Brambila used the same email address).

*for N. California v. Ag-Tech Inc.*, No. 18-CV-05411-PJH (JSC), 2019 WL 5088804, at *4 (N.D. Cal. July 19, 2019) ("If a corporation's business address is the same as the residential address for the person to be served, that address is adequate for substitute service."), *adopted*, 2019 WL 5103816 (N.D. Cal. Oct. 11, 2019). Despite service, B&K never entered an appearance. There's no reason to believe that B&K's failure to appear was the result of excusable neglect. And because B&K never appeared, a decision on the merits is impossible. Plaintiffs' allegations are also sufficient to state a plausible claim for relief. And without default judgment, plaintiffs will be left without a legal remedy. All of these factors support default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Plaintiffs also seek an injunction that would require B&K "to timely submit required monthly contribution reports and payments as required by the terms of the CBA and Trust Agreements." Dkt. 16 at 2. The requested injunction "is appropriate under ERISA." *Trs. on Behalf of Teamsters Ben. Tr. v. Casey's Off. Moving & Servs., Inc.*, No. C-05-4157 MHP (EMC), 2007 WL 1031320, at *4 (N.D. Cal. Apr. 3, 2007). Without contribution reports, plaintiffs cannot "determine the full amount of fringe benefits owed." Compl. ¶ 28.

By July 1, 2025, plaintiffs must serve B&K with a copy of this report and recommendation, by any means reasonably calculated to provide actual notice, and file proof of service. Any party may file objections to this report and recommendation within 14 days of receiving it. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

**IT IS SO ORDERED.**

Dated: June 27, 2025

_____
Alex G. Tse
United States Magistrate Judge

3